UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADRIENNE SAROD POWELL,<br><br>Plaintiff,<br><br>v.<br><br>ELIZABETH FAIN, et al.,<br><br>Defendants. | Case No. 20-cv-05564-WHO<br><br>**ORDER DISMISSING CASE FOR FAILURE TO PROSECUTE** |

On November 4, 2020, defendants moved to dismiss pro se plaintiff Adrienne Sarod Powell's Amended Complaint. Dkt. No. 13. Powell failed to timely oppose the motion by November 18, 2020. Accordingly, on December 2, 2020, I issued an order to show cause for failure to prosecute and allowed Powell to oppose the motion by December 16, 2020. Dkt. No. 17. Powell has not filed an opposition or otherwise responded to my order.

It is well established that district courts have *sua sponte* authority to dismiss actions for failure to prosecute or to comply with court orders. *See* Fed. R. Civ. P. 41(b); *Omstead v. Dell, Inc.*, 594 F.3d 1081, 1084 (9th Cir. 2010). In deciding whether to dismiss for failure to prosecute or comply with court orders, a district court must consider five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Omstead*, 594 F.3d at 1084 (quoting *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986)).

The first two factors – public interest in expeditious resolution of litigation and the court's need to manage its docket – weigh in favor of dismissal. As described above, defendants filed a motion to dismiss and Powell failed to timely oppose it. I issued an order to show cause for

failure to prosecute to give Powell another chance to file an opposition, effectively extending the response deadline from November 18 to December 16, 2020.  Powell still has not filed an opposition or otherwise responded to my order.  This failure to prosecute hinders my ability to move this case forward toward disposition and suggests that Powell does not intend to litigate this action diligently.

The third factor – prejudice to defendant – also weighs in favor of dismissal.  A rebuttable presumption of prejudice to defendants arises when plaintiffs unreasonably delay prosecution of an action.  *See In re Eisen*, 31 F.3d 1447, 1452 – 53 (9th Cir. 1994).  Nothing suggests such a presumption is unwarranted here.

The fourth factor – public policy in favor of deciding cases on the merits – ordinarily weighs against dismissal.  However, it is a plaintiff's responsibility to move toward disposition at a reasonable pace and avoid dilatory and evasive tactics.  *See Morris v. Morgan Stanley*, 942 F.2d 648, 652 (9th Cir. 1991).  Powell has not discharged this responsibility despite multiple opportunities to oppose the pending motion to dismiss.  Powell was granted sufficient time in which to oppose the motion.  Under these circumstances, the policy favoring resolution of disputes on the merits does not outweigh Powell's failure to file responsive documents within the time granted.

The fifth factor – availability of less drastic sanctions – also weighs in favor of dismissal.  Powell had the opportunity to oppose the motion to dismiss but did not do so.  I then gave Powell more time to oppose the motion, but Powell again failed to do so.

For the foregoing reasons, I find that the factors weigh in favor of dismissal.  This action is hereby DISMISSED without prejudice for failure to prosecute and comply with court orders pursuant to Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED.**

Dated: December 28, 2020

William H. Orrick
United States District Judge

2